# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. MATTHEWS,<br><br>     Petitioner,<br><br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>     Respondent. | Case No. CV 10-624-S-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Now pending before the Court is Petitioner Michael T. Matthews' Petition for Review (Dkt. 1), filed December 16, 2010, seeking review of the Social Security Administration's final decision to deny his disability benefits. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.  ADMINISTRATIVE PROCEEDINGS

On September 4, 2007, Michael T. Matthews ("Petitioner") applied for Social Security Disability Insurance Benefits and SSI disability benefits, alleging a disability onset date of July 23, 2005,[1] when he was 50 years old. (AR 23, 37). Petitioner's claim was initially denied and, again, denied on reconsideration. (AR 23, 95, 99). Petitioner timely filed a Request for Hearing

---

[1] Although Petitioner alleges disability since July 2005, he is ineligible for SSI disability for any month prior to and including September 2007, the month he filed for SSI disability benefits application. 20 C.F.R. §§ 416.330, 416.335; SSR 83-20. Similarly, he is ineligible for DIB benefits for any month preceding September 2006, twelve months before his application. 20 C.F.R. § 404.621.

**MEMORANDUM DECISION AND ORDER - 1**

before an Administrative Law Judge ("ALJ").  On February 24, 2009, ALJ John C. Arkoosh held

a hearing in Twin Falls, Idaho at which time Petitioner, represented by attorney Nicholas

Huntsman, appeared and testified.  (AR 45-81).  A vocational expert, Anne Aastum, also

appeared and testified.  (AR 45-81).  At the time of the hearing, Petitioner's past relevant work

was as a construction worker and roofer.  (AR 36).

On July 24, 2009, the ALJ issued a decision, denying Petitioner's claims, finding that

Petitioner was not disabled within the meaning of the Social Security Act.  (AR 23-38).

Petitioner timely requested review from the Appeals Council on August 19, 2009.  (AR 12).  The

Appeals Council then denied review on October 22, 2010 (AR 1) rendering the ALJ's decision

the Commissioner's final decision.  Plaintiff now seeks judicial review of the Commissioner's

decision to deny benefits.  Petitioner contends the ALJ erred by finding that Petitioner was able

to do "regular and continuing" work.  The argument advanced by Petitioner would have the

Court draw a conclusion that does not correspond with the record as a whole and treats the ALJ's

finding as an aberration in an otherwise consistent record and decision.  The Court has

scrutinized the ALJ's decision and the record and finds that Respondent's position is consistent

with the record and the ALJ's findings as a whole.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence

and based on proper legal standards.  42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981

F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42

U.S.C. § 405(g).  In other words, if there is substantial evidence to support the ALJ's factual

**MEMORANDUM DECISION AND ORDER - 2**

decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.

**MEMORANDUM DECISION AND ORDER - 3**

*See id.* However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. DISCUSSION

**A.      Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe her physical/mental impairments are and regardless of her age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner had not engaged in SGA after July 23, 2005, the alleged onset date. (AR 25).

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration

**MEMORANDUM DECISION AND ORDER - 4**

requirement.  20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination

of impairments is "severe" within the meaning of the Social Security Act if it significantly limits

an individual's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).

An impairment or combination of impairments is "not severe" when medical and other evidence

establish only a slight abnormality or a combination of slight abnormalities that would have no

more than a minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.

If the claimant does not have a severe medically determinable impairment or combination of

impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Here, the

ALJ found that Petitioner had the following severe impairments - mild degenerative disc disease

of the lumbar spine; history of right calcaneal fracture and a left distal fibular fracture;

personality disorder, not otherwise specified (NOS) with narcissistic features and alcohol

dependence.  (AR 25).

 The third step requires the ALJ to determine the medical severity of any impairments;

that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R.

Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the

answer is yes, the claimant is considered disabled under the Social Security Act and benefits are

awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor

equal one of the listed impairments, the claimant's case cannot be resolved at step three and the

evaluation proceeds to step four.  *Id*.  Here, the ALJ concluded that Petitioner does not have an

impairment (or combination of impairments) that meets or medically equals a listed impairment

(AR 25).

 The fourth step of the evaluation process requires the ALJ to determine whether the

**MEMORANDUM DECISION AND ORDER - 5**

claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ determined that Petitioner has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except he can alternate sitting, standing and walking and would be able to do those three activities for at least 30 minutes at a time, with a brief break, and that he should be capable of doing those for at least 4 to 6 hours in an 8-hour day. Because he is healthy appearing, the ALJ found his ability to lift and/or carry is minimally limited and he can lift up to 50 pounds at a time and 30 pounds regularly. Handling objects, hearing, speaking and traveling were not found to be limited. The ALJ also found that Petitioner can understand, remember and carry out simple and routine tasks and perform work that is unskilled in nature.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). If the claimant is able to do other work, he is not disabled; if the claimant is not able

**MEMORANDUM DECISION AND ORDER - 6**

to do other work and meets the duration requirement, he is disabled.  Here, the ALJ determined that Petitioner could not perform past relevant work but that there are jobs that exist in significant numbers in the national economy that the claimant can perform and therefore, he is not disabled.  (AR 37).

**B.**     **Analysis**

      1.      Social Security Ruling 96-8p: "Regular and Continuing Basis"

Petitioner contends the ALJ erred at step four, where he found that Petitioner had the residual functional capacity (RFC) "to alternate sitting, standing and walking and would be able to do those three activities for at least 30 minutes at a time, with a brief break, and that he should be capable of doing those for at least 4 to 6 hours in an 8-hour day."  (AR 28).  Petitioner argues that the ALJ's RFC finding is at odds with Social Security Ruling 96-8p which defines a claimant's RFC as "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis . . ."  It further defines "regular and continuing basis" as "8 hours a day, for 5 days a week, or an equivalent work schedule."  SSR 96-8p, *available at* 1996 WL 374184, at *2.  Petitioner claims that because the ALJ determined he was only capable of sitting, standing and walking for "4 to 6 hours in an 8-hour day," rather than the entire 8 hours, the ALJ should have found him disabled.  Respondent counters that Petitioner's interpretation is inconsistent with the other evidence accepted by both Petitioner and the ALJ.

While the Court recognizes the wording used by the ALJ is not as transparent as it could be, the Court does not find it to be ambiguous or problematic as Petitioner contends.  When reviewing the ALJ's decision in support of the RFC finding, it is clear that the ALJ believed

**MEMORANDUM DECISION AND ORDER - 7**

Petitioner was capable of performing work on a "regular and continuing basis," i.e., for 8 hours a day.

A claimant's residual functional capacity is the most he can do despite his limitations.  20 C.F.R. § 404.1545(a).  First off, the Court notes that a residual functional capacity finding necessarily incorporates the determination that a claimant is capable of working for 8 hours.  The very definition of "residual functional capacity" includes doing sustained work "on a regular and continuing basis," meaning 8 hours a day for 5 days a week.  *See* SSR 96-8p.

Further, from a review of the ALJ's decision, it is clear the ALJ found Petitioner capable of working on a "regular and continuing basis."  He states: "while the claimant can no longer perform his past relevant work which involved work that was medium to heavy in exertional demand, he can perform work activity that does not involve heavy lifting, and walking or standing for long periods of time."  (AR 29).  The ALJ provides a thorough review of the medical records with discussion on which medical records are afforded greater weight and why, discusses Petitioner's daily living activities, and provides a credibility assessment of Petitioner.  There is nothing in the ALJ's discussion that indicates Petitioner is capable of less than an 8-hour day.

The ALJ repeatedly mentions that the record reflects Petitioner is ambulatory and has normal gait and station.  (AR 32, 35).  The ALJ relies heavily on the medical records of Dr. Retmier who treated Petitioner following his accident in July 2005 and indicated that he was "doing great" just a couple months after his accident.  Although he appeared to aggravate his injury in October 2005, Dr. Retmier found Petitioner's fracture was healing and he had good strength in all planes and good overall alignment.  (AR 30).  Of Petitioner's failure to follow Dr.

**MEMORANDUM DECISION AND ORDER - 8**

Retmier's recommendations or follow-up with him until a year later, the ALJ noted that this

"suggests that the symptoms may not have been as serious as has been alleged with this

application and appeal . . . claimant did not seek orthopedic care or complain of lower extremity

difficulties until he returned to Dr. Retmier on September 20, 2006."  (AR 31).  The ALJ further

found:

> The objective medical evidence is fully consistent with the above
> residual functional capacity and inconsistent with disabling levels
> of pain and functional limitations . . . There was no abnormal
> uptake in his feet or ankles.  Dr. Retmier reiterated to the claimant
> good shoe wear, strengthening, range of motion, and stretch.  He
> referred him to physical therapy for lower extremity exercises and
> a spinal stabilization program.  Dr. Retmier did not think he was a
> surgical candidate.

(AR 31).

    The ALJ gave great weight to the opinion of Dr. Wiggins and indeed, his RFC finding

appears to incorporate her opinion which stated Petitioner would "probably have a little bit of

limitations with sitting, standing and walking.  However, I expect he should be able to do these

for at least 30 minutes at a stretch with a brief break and should be to [*sic*] so for at least 4-6

hours in an 8-hour day."  (AR 303).   With regard to her opinion, the ALJ recited that Dr.

Wiggins had found that "[Petitioner] did not appear to be limited by pain.  His gait was within

normal limits, and he was able to tandem walk. . . [Dr. Wiggins' findings] were actually

essentially normal . . . There was no decreased range of motion noted in the ankles . . . [and] less

than optimal effort given forth on manual muscle testing."  (AR 32).   The ALJ gave Dr.

Wiggins' opinion great weight, finding:

> [she performed a] relatively thorough consultative examination of
> the claimant, as well as review[ed] the longitudinal history of his
> medical conditions from his other treating sources at the time of
> her examination.  Her opinions are consistent with the claimant's

**MEMORANDUM DECISION AND ORDER - 9**

> course of treatment and the findings made by her on consultative
> examination of the claimant.  Her opinions are further consistent
> with the findings of Dr. Retmier who is a specialist in orthopedics
> and had treated the claimant following his work-related accident.

(AR 32-33).

The ALJ gave proper reasons for the weight given to the opinions of Dr. Long and Dr.

Holman, both whom assessed Petitioner to have greater limitations.  With respect to Dr. Long,

the ALJ noted that his opinions were based only on the one visit with claimant and relied "quite

heavily on the subjective report of symptoms and limitations provided by the claimant, and

seemed to uncritically accept as true most, if not all, of what the claimant reported . . .Yet . . .

there exists good reasons for questioning the reliability of claimant's subjective complaints."

(AR 33).  The ALJ also noted that Dr. Long did not have the benefit of reviewing other medical

reports in the record and that the claimant underwent the examination for disability purposes, not

for treatment.  (AR 33).  *See Meanel v. Apfel*, 172 F.3d 1111, 1113-1114 (9th Cir. 1999) (opinion

that is conclusory and inconsistent with the rest of the evidence is properly rejected).  Likewise,

the ALJ gave little weight to the opinions of Dr. Holman because "they are not supported by his

own medical records, i.e., there is no evidence of inability to ambulate effectively, nor is there

any evidence that the claimant was unable to stand or walk."  (AR 35).

The ALJ noted claimant's descriptions of daily activities are not as limited as one would

expect "given the complaints of disabling symptoms and limitations," noting Petitioner cared for

his own personal hygiene, prepared simple meals, mowed the lawn, performed household chores

and went shopping for groceries and cleaning supplies.  (AR 33-34).  In assessing Petitioner's

credibility, the ALJ noted that the claimant never looked for lighter work or pursued vocational

**MEMORANDUM DECISION AND ORDER - 10**

rehabilitation and that his allegations that he is incapable of all work activity are not credible "because of significant inconsistencies in the record as a whole."  (AR 29).  *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (delineating what the ALJ may consider in evaluating a claimant's credibility).

Upon review of the ALJ's discussion in support of the RFC finding, it is evident that the ALJ found Petitioner capable of performing work on a "regular and continuing basis," i.e., for 8 hours a day, 5 days a week.  There are numerous notations to the record supporting the finding that Petitioner was not severely limited in his walking and standing.  Further, the ALJ relied heavily on Dr. Wiggins' opinion.  Dr. Wiggins stated that her findings were essentially normal.  The ALJ's findings support a conclusion that the RFC allows for Petitioner to sustain work on a "regular and continuous basis."

Also of note are the hypotheticals posed to the vocational expert during the hearing.  When the ALJ asked about job opportunities allowed by Dr. Long's RFC assessment, which placed severe limitations on Petitioner's abilities,[2] the vocational expert testified it would "preclude substantial gainful employment" because it "provides for less than an eight hour day of work essentially."  (AR 77).  When the ALJ proffered Dr. Wiggins' RFC to the vocational expert, she testified as to three light level jobs that existed in the national economy.  (AR 78-79).  The vocational expert's consideration of Dr. Wiggins' RFC assessment, which was subsequently adopted by the ALJ, did not account for Petitioner being capable of less than an 8-hour day.

The ALJ's findings in support of his residual functional capacity assessment indicate that

---

[2]  Dr. Long's RFC assessment opined that Petitioner could only sit for 5 minutes at one time and stand/walk for 0 minutes and could only sit for 1 hour in an 8-hour workday and stand/walk for 0 hours.  (AR 330).

**MEMORANDUM DECISION AND ORDER - 11**

he found Petitioner capable of sustaining an 8-hour work day.  While his actual RFC could have been stated more clearly, the Court does not find that reason alone to be sufficient to remand. There is substantial evidence in the record to support the ALJ's conclusion that Petitioner could sustain work on a "regular and continuing basis." *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

## IV.  CONCLUSION

The ALJ is the fact-finder and is solely responsible for weighing and drawing inferences from facts and determining credibility.  *Allen*, 749 F.2d at 579; *Vincent ex. Rel. Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642.  If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, a reviewing court may not substitute its interpretation for that of the ALJ.  *Key*, 754 F.2d at 1549.

The evidence upon which the ALJ relied can reasonably and rationally support his well-formed conclusions, despite the fact that such evidence may be susceptible to a different interpretation.  Accordingly, the ALJ's decision as to Petitioner's alleged disability is based on proper legal standards and supported by substantial evidence.  Therefore, I conclude that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.

Accordingly, the Commissioner's decision is affirmed.

**MEMORANDUM DECISION AND ORDER - 12**

## V.  ORDER

Based on the foregoing, Petitioner's Petitioner for Review (Dkt. 1) is DENIED, the

decision of the Commissioner is AFFIRMED, and this action is DISMISSED in its entirety, with

prejudice.

DATED:  **February 28, 2012**



Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**